JAKE LEIBOVIT, *Plaintiff in Error*, v. R. .GARFUNKEL, *Defendant in Error*.

Opinion Filed December 9, 1914.

When the presiding judge postpones the hearing upon a motion for a new trial, and before the date so fixed becomes physically incapacitated to act, and another judge is transferred to that Circuit, the substituted judge should act upon the motion.

Writ of error to Circuit Court for Monroe County; Jas. W. Perkins, Judge.

Judgment reversed.

*G. Bowne Patterson* and *H. H. Taylor*, for Plaintiff in Error;

*W. Hunt Harris*, for Defendant in Error.

COCKRELL, J.—This is an action in replevin brought by Leibovit against Garfunkel. There was a verdict for Garfunkel rendered June 17, 1913. Within four days thereafter a motion for a new trial was filed and presented to the presiding judge, Hon. L. W. Bethel, who fixed the date for the hearing thereon for June 23, 1913. On the day before that date, Judge Bethel was stricken with paraly-

sis, from which he never recovered. On February 10, 1914, Judge James W. Perkins of the Seventh Circuit, was assigned by the Governor to preside over the Circuit Court for Monroe County, in lieu of Judge Bethel, who was incapacitated to sit by reason of his illness.

No judgment having been entered upon the verdict, Judge Perkins was asked to rule upon the motion for a new trial, and also to enter judgment upon the. verdict. He declined to entertain the former motion, and entered judgment final upon the verdict.

That the defendant has a right, a most valuable right, to have his motion for a new trial considered and determined, cannot be questioned, provided only he has not waived or lost it by operation of law. That he has been guilty of no laches is equally clear. The trial judge recognized the right to be heard upon the motion, and set the hearing for a day within the term not then adjourned.

It would require a definite statute to make us hold that the right had been lost under the circumstances, and we have no such legislative command.

Chapter 5403, Laws of 1905, relating to motions for new trials, permits the judge to enlarge the time within which such motions may be made and presented, but this motion was made without the need of such enlargement.

The motion was a matter pending before Judge Bethel, and as such became a matter to be determined or disposed of under Gen. Stats. Sec. 1481, by the judge substituted for him by reason of his inability to act.

There may be encountered some difficulty in properly disposing of the motion, but there is no lack of jurisdiction in the substituted judge, and it becomes under said section one of his "duties."

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.