JIMMIE ANDERSON v. STATE.

155 So. 726.

Division B.

Opinion Filed June 15, 1934.

Petition for Rehearing Denied July 9, 1934.

*Joseph L. Wolf,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Dewey A. Dye,* State Attorney, for the State.

BUFORD, J.—In this case the plaintiff in error was convicted in the Circuit Court of Manatee County, Florida, of

the crime of forgery. The trial occurred on November 9th, 1933. After his conviction he was allowed to go in the custody of his attorney until November 13th when he was to return to the court and there receive such orders and judgment as the court might make. He was again allowed to leave the court to return on the 16th day of November, 1933.

On the 16th day of November he returned to the county seat and to the court house and at that time the Honorable George W. Whitehurst had been assigned by Order of the Governor in the following language to officiate as Judge of the Circuit Court of the Eighteenth Judicial Circuit in and for Manatee County:

"*Whereas,* it has been officially made known to me that justice demands the transfer of a Circuit Judge to Manatee County in the Eighteenth Judicial Circuit of the State of Florida:

Now, THEREFORE, I, David Sholtz, acting under and by virtue of the authority vested in me as Governor of the State of Florida, do hereby designate, assign and appoint Honorable Geo. W. Whitehurst, Judge of the Twelfth Judicial Circuit of Florida, to proceed to Bradenton, in the County of Manatee, State of Florida, and thereupon on Thursday, the 16th day of November, A. D. 1933, and as long as is necessary thereafter, proceed to conduct the trial of all causes as may properly come before him in said Court; and he, the said Geo. W. Whitehurst, under and by virtue of the authority hereof, is hereby vested with all and singular the powers and prerogatives conferred by the Constitution and laws of the State of Florida upon circuit judges presiding by virtue of an Order of the Governor of said State.

'"IN TESTIMONY WHEREOF, I have hereunto set my hand

and caused the Great Seal of the State of Florida to be affixed at Tallahassee, the Capital, this 13th day of November, A. D. 1933.

(GREAT SEAL OF THE        DAVID SHOLTZ,
STATE OF FLORIDA)                 *Governor.*

*By the Governor,* ATTEST:

    R. A. GRAY,
    *Secretary of State.*"

The sole question presented for our consideration is based upon the contention that whereas the defendant was tried and convicted before the Honorable W. T. Harrison, Circuit Judge, officiating as the resident Circuit Judge in and for the Eighteenth Judicial Circuit of Florida, that the judgment and sentence of the court could not properly be imposed at a later date in the Term by the Judge of another Circuit who had been transferred to the Eighteenth Judicial Circuit under the Order aforesaid.

There is no merit in the contention. The law is not concerned with the identity of the individual who happens to officiate as Judge. It is satisfied if that individual assuming to officiate be clothed with lawful authority in that regard. The point presented here was definitely settled in this State in the case of *Ex Parte* Williams, 26 Fla. 310, 8 Sou. 425. See also Liebovit v. Garfunkel, 68 Fla. 463, 67 Sou. 98. We might cite numerous cases from other jurisdictions to support our holding but deem it needless to do so.

The judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS, J., concur in the opinion and judgment.

BROWN, J., (concurring).—The power here exercised was in my opinion vested in the assigned Circuit Judge by Section 4841, Comp. Gen. Laws of 1927.