## STATE ex AMOROSE v DUNN

### AMOROSE, Habeas Corpus, In Re

Ohio Appeals, 2nd Dist, Franklin Co.

Nos. 3255 & 3256. Decided Feb. 7, 1942.

Schwartz & Gurevitz, Columbus; Martin Ornstein, Columbus, and Donald M. Hamilton, Columbus, for plaintiff-appellant.

Thomas J. Herbert, Attorney General, Columbus; Arthur W. Galloway, Asst. Atty. General, Columbus, and Roland G. Allen, Police Prosecutor, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

Both actions herein were in habeas corpus, instituted in the Common Pleas Court. Findings and judgments were entered against the petitioner and appeals on questions of law are prosecuted to this Court.

The cases were presented upon agreed statements of fact. In case No. 3255 the plaintiff was charged in the Municipal Court of the City of Columbus with the violation of §154-45r GC, and thereafter entered a plea of guilty to the charge and was placed on probation for one year, Judge Francis Howard pronouncing the order. Thereafter, on September 12, 1939, the order of probation was set aside and the defendant ordered into court for sentence on September 16, 1939. Several continuances were had until on September 28, 1939, it is recited that Judge Howard ordered the former sentence of probation revoked, the defendant to pay a fine of $200.00 and costs and to be imprisoned in the Columbus Workhouse for a term of ten days.

The procedural steps in No. 3256 were substantially the same as in No. 3255, except that in the latter case, after many continuances the cause was tried to Judge Miller, a finding of guilty and continued for sentence until May 8,

1939, at which time Judge Howard, presiding, sentenced the then defendant to ten days in the City Prison and fined her $100.00 and costs, and continued the case for hearing on motion for new trial. After the overruling of the motion for new trial appeal was attempted to be prosecuted to the Common Pleas Court of Franklin County, which resulted in the return of the cause to the Municipal Court for failure to perfect the appeal. Thereafter, after several continuances, defendant's bond was ordered forfeited and she was brought in and sentence ordered enforced.

The general assignments of error are that the judgments are not sustained by sufficient evidence and are contrary to law. Several questions involving orders of the Municipal Court in both cases are discussed by the appellant in her brief, but with one exception they are clearly nothing more than irregularities, if they can even be so characterized, and could not in any view of the facts be the basis of a favorable order in the habeas corpus proceedings.

The only question which is substantial is whether or not a Judge, other than the one who tried the defendant and found her guilty, may sentence her. There can be no doubt as to the right to so act upon a plea of guilty, but in one of these cases the defendant was tried and found guilty by one Judge and sentenced by another. However, there is still another question presented in this case, because the defendant in one of the cases was put upon probation and not sentenced until the probationary order was revoked. In this case, however, defendant had plead guilty.

It is inevitable that in cases where at the time of conviction the trial Judge does not sentence, but suspends sentence and puts a defendant upon probation, if there be a violation of the probationary order, another Judge may be sitting in the criminal branch of the court when the defendant is brought in for sentence. It is not at all probable that in such a situation it is contemplated that no other Judge than the one who adjudged the defendant guilty may sentence her.

We are not without authority upon the question of the right of a judge, other than the one who has heard and found a defendant guilty, to pronounce original sentence upon such defendant, although there seems to be no authority in Ohio.

In 16 C. J. 1269, it is said:

"As a rule the sentence is pronounced by the Court before which the trial was had. Where, however, the jurisdiction of the Court is not lost the Judge sitting at a regular term thereof may pass sentence, unless prevented by some statutory provisions, although the conviction was had at another term and before another Judge."

Authorities supporting the text are cited from eleven states, the District of Columbia and federal courts.

There is no showing whatever of want of jurisdiction on the part of the Municipal Court to sentence the defendant below, appellant here, in either of the cases on which the appeals are prosecuted.

The judgments in both cases will, therefore, be affirmed.

GEIGER, PJ. and BARNES, J., concur.