**OWENS v. HUNTER.**

No. 3643.

Circuit Court of Appeals
Tenth Circuit.

July 30, 1948.

Rehearing Denied Oct. 21, 1948.

W. F. Smith, of Oklahoma City, Okl., for appellant.

Randolph Carpenter, U. S. Atty. and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Carl E. Owens, hereinafter referred to as petitioner, was indicted in the United States Court for Northern Texas, charged with the transportation in interstate commerce of a stolen automobile in violation of 18 U.S.C.A. § 408. He was convicted, sentenced to imprisonment, and confined in the federal penitentiary at Leavenworth, Kansas, for service of the sentence. He instituted this proceeding in habeas corpus to effectuate his discharge from further detention on the ground that the judgment in the criminal case was void. The warden of the penitentiary responded; petitioner was produced in open court and testified in his own behalf; the petition for the writ was denied; and petitioner appealed.

The judgment in the criminal case is attacked on the ground that petitioner was not afforded competent and diligent counsel in the case; that he was denied a reasonable continuance to prepare his own defense; and that he was deprived of his constitutional rights. The Sixth Amendment to the Constitution of the United States guarantees to one charged with a crime the right to the aid of counsel in his defense; but the right is personal and may be waived, provided it is waived intelligently, understandingly, and in a competent manner. Here, the judgment in the crim-

inal case recites in clear and unmistakable language that petitioner appeared in proper person, that he was advised of his constitutional right to counsel, that he was asked whether he desired counsel, and that he answered he did not. In the absence of a showing of fraud, these recitals in the judgment are conclusive and may not be challenged in a collateral proceeding. Thomas v. Hunter, 10 Cir., 153 F.2d 834; Bennett v. Hunter, 10 Cir., 155 F.2d 223; Edminston v. Hunter, 10 Cir., 161 F.2d 691; Caldwell v Hunter, 10 Cir., 163 F.2d 181, certiorari denied 68 S.Ct. 649.

■ Petitioner testified in the course of the hearing on the petition for the writ that the court appointed an attorney to represent him in the criminal case; that just before the trial started, he discharged the attorney; that when the case was called for trial, he requested the court to appoint another attorney for him; that the request was denied; that he also requested the court to grant him a continuance; that the request was denied; and that he was forced to trial without the benefit of an attorney. No other evidence was offered relating to the question. The testimony of petitioner was not enough to overcome the definite recitals in the judgment that he was advised of his right to the benefit of counsel and that he waived such right. Thomas v. Hunter, supra; Caldwell v. Hunter, supra.

■■ The judgment in the criminal case is attacked on the further ground that perjured testimony was used against petitioner in the trial of the case. The mere introduction of perjured testimony, alone and without more, does not violate the constitutional rights of the accused. The testimony must be introduced with knowledge on the part of the prosecution that it is perjured. It is the knowing and intentional use of perjured testimony that renders the judgment void. Wagner v. Hunter, 10 Cir., 161 F.2d 601, certiorari denied 332 U.S. 776, 68 S.Ct. 39; Tilghman v. Hunter, 10 Cir., 167 F.2d 661; Cobb v. Hunter, 10 Cir., 167 F.2d 888. Petitioner offered evidence which tended to show that some of the testimony introduced against him in the trial of the criminal case was incorrect or untrue. But there was no showing whatever that the prosecuting attorney or any one else connected with the Government knew that any part of the testimony was perjured. In short, there was a complete failure to show that perjured testimony was knowingly and intentionally used in the trial of the criminal case.

■ The remaining contention is that the judgment in the criminal case is void for the reason that one judge presided at the trial and another imposed the sentence. The contention is without merit. The two judges were duly appointed, qualified, and acting judges of the same court with concurrent jurisdiction. And while ordinarily sentence should be imposed by the judge before whom the conviction was had, where there are two judges of the same court with concurrent jurisdiction, a judgment is not void merely because the trial was before one of the judges and the sentence was imposed by the other. Lanphere v. State, 114 Wis. 193, 89 N.W. 128; York v. State, 91 Ark. 582, 121 S.W. 1070, 18 Ann.Cas. 344; Anderson v. State, 115 Fla. 477, 155 So. 726; State v. Dunn, Ohio App., 42 N.E.2d 723. The case of Freeman v. United States, 2 Cir., 227 F. 732, is decisively different. There, the trial covered a period of four months and evidence was voluminous. More than one hundred witnesses testified for the Government. After the Government had presented the whole of its case in chief, a substitution of judges took place. The second judge heard the remainder of the evidence, instructed the jury, received the verdict, and imposed the sentence. Here, the trial was completed and verdict returned before one judge, and the other judge merely imposed the sentence.

The judgment denying the petition for the writ is affirmed.