## OWENS v. UNITED STATES.
### No. 12607.

United States Court of Appeals
Fifth Circuit.
May 13, 1949.

Rehearing Denied May 30, 1949.

Carl Edmond Owens, Oklahoma City, Okla., in pro per.

Cavett S. Binion, Asst. U. S. Atty., Ft. Worth, Texas, for appellee.

Before HUTCHESON, SIBLEY, and HOLMES, Circuit Judges.

PER CURIAM.

Not content with an appeal from his original sentence of conviction and an application for writ of habeas corpus in which all the questions he now seeks to raise were raised and decided against him, Owens v. Hunter, 10 Cir., 169 F.2d 971.

petitioner filed in the court of sentence a motion to vacate and set aside the sentence of conviction. Alleging that he was, on May 19, 1945, sentenced to serve a term of five years, and on the fifth day of January, 1949, was "conditionally discharged" as a parolee, he sought by the motion to have those questions redetermined.

The district judge, of the opinion that petitioner's contentions were without merit and that the motion should be denied, so ordered, and petitioner has appealed.

We think it plain that the judgment was right.[1] It is

Affirmed.

SIBLEY, Circuit Judge (concurring specially).

Appellant was denied relief by habeas corpus in Kansas touching his right to assistance of counsel because the record of his sentence showed that he had waived it, and he was not allowed to show otherwise. Owens v. Hunter, 10 Cir., 169 F.2d 971. He thereupon sought to correct the record in the sentencing court by showing that no such waiver occurred. The sentence was imposed, containing the recital of waiver, by a different judge from the one presiding at his arraignment and trial. In addition to seeking correction of the record, he moved also to vacate the sentence and dismiss the indictment. It is not clear whether any ruling was made on the motion to correct the record, certainly no hearing was given or evidence heard on it. The notice of appeal recites that the judgment appealed from is one denying the motion to vacate the sentence and dismiss the indictment. Motion to vacate a void sentence under 28 U.S.C.A. § 2255 is a substitute for habeas corpus and one must be in custody to have the remedy. One out on conditional release is not in custody. Van Meter v. Sanford, 5 Cir., 99 F.2d 511; Weber v. Hunter, 10 Cir., 137 F.2d 926, and if conditional release occurs pending appeal the matter becomes moot. For this reason I concur in the disposition of this appeal.

As to the motion to correct the record, if that was denied also, I think a hearing

ought to have been granted. Its only purpose here however was to get in position to get relief from imprisonment by attacking his sentence as void for denial of assistance of counsel, and since that matter is moot, there is no importance in the question made about the record.

---

[1] Owens v. Hunter, 10 Cir., 169 F.2d 971, and cases cited therein.