OWENS v. HINDS, U. S. Marshal.
No. 4231.

United States Court of Appeals,
Tenth Circuit.

May 12, 1951.

Rehearing Denied May 24, 1951.

No appearance for appellant.

Cleon Summers, U. S. Atty., Muskogee, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner Carl Edmond Owens was found guilty by a jury in the United States District Court for the Northern District of Texas of transporting a stolen automobile in interstate commerce in violation of 18 U.S.C.A. § 408 [now §§ 2311–2313]. He was sentenced to imprisonment. His appeal from that judgment was dismissed. See Owens v. United States, 5 Cir., 164 F.2d 93. While confined in the Leavenworth Federal Penitentiary, he instituted a habeas corpus proceeding in the United States District Court for the District of Kansas, on the ground that the judgment in the criminal case was void. He appealed from an adverse judgment to this court, where the judgment appealed from was affirmed. See Owens v. Hunter, 10 Cir., 169 F.2d 971. While serving the sentence, he filed a motion in the sentencing court to vacate and set aside the sentence. The motion was denied and on appeal the order of denial was affirmed. See Owens v. United States, 5 Cir., 174 F.2d 469. After serving a part of the sentence, he was paroled. While on parole, he was convicted of a state offense and was sentenced to a two and one-half year term of imprisonment in the Oklahoma State Penitentiary at McAlister, Oklahoma. While serving the latter sentence, a parole violator's warrant was issued and, at the completion of the state sentence, he was taken into custody thereunder by the United States Marshal for the Eastern District of Oklahoma. He thereupon instituted this proceeding in habeas corpus to obtain his release from the custody of the Marshal. He was tried in the United States District Court for the Eastern District of Oklahoma. The trial judge made extensive findings of fact and conclusions of law and denied him any relief and directed the Marshal to return him to the Penitentiary at Leavenworth, where he is now confined. Upon motion, the Warden was substituted as appellee in the place of the Marshal.

■ The grounds which he now urges for release are substantially the same that he urged in the motion to vacate the original judgment in the sentencing court. We have held that when Section 2255, 28 U.S.

C.A. is adequate to test the questions raised the fact that a motion made thereunder has been denied does not give one the right to resort to habeas corpus.[1] There is no showing here that the remedy by motion was inadequate or ineffective to test the legality of the judgment and sentence which petitioner is now serving.

Owens contends that in this petition he raises issues that were not raised or decided in the motion under Section 2255. Even if that be so, these questions must still be presented to the sentencing court by motion under that Section and may not be urged in this proceeding.[2]

Affirmed.

1. Barrett v. Hunter, 10 Cir., 180 F.2d 510; Barnes v. Hunter, 10 Cir., 188 F.2d 86; Meyers v. Welch, 4 Cir., 179 F.2d 707.

2. Barrett v. Hunter, 10 Cir., 180 F.2d 510.