160 So.2d 749 (1964)
The GENERAL HOSPITAL OF GREATER MIAMI, INC., a Florida corporation, Appellant,
v.
Louise GAGER, a widow, as Administratrix of the Estate of George B. Gager, and as the Surviving Spouse of George B. Gager, Deceased and Thomas S. Gerspacher, Appellees.
Thomas S. GERSPACHER, Appellant,
v.
Louise GAGER, a widow, as Administratrix of the Estate of George B. Gager, and as the Surviving Spouse of George B. Gager, Deceased, and the General Hospital of Greater Miami, Inc., a Florida corporation, Appellees.
Nos. 63-148, 63-152.
District Court of Appeal of Florida. Third District.
January 28, 1964.
Rehearing Denied February 25, 1964.
*750 Knight, Smith, Underwood & Peters and Cecyl L. Pickle, Miami, for General Hospital.
Carey, Terry, Dwyer, Austin, Cole & Stephens, Miami, for Thomas A. Gerspacher.
Nichols, Gaither, Beckham, Colson & Spence, Miami, for Louise Gager.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The plaintiff, Louise Gager, sued Thomas S. Gerspacher, a physician and The General Hospital of Greater Miami, Inc. for the alleged wrongful death of her husband. There was a separate suit against each defendant but they were consolidated for trial. The jury verdict was for the defendants. Plaintiff's motion for a new trial was granted upon the following ground:
"Following a long, hotly contested malpractice trial, resulting in a verdict for the Defendants, the Plaintiff filed a Motion for New Trial. The case was tried before my predecessor and the Court has had to read the record with great particularity in order to get as close an insight into the facts as possible, being confined to a study of the `cold' record. The record, as it came to me, is lengthy and the problem involved in the Motion for New Trial is not altogether simple.
"The principle issue on this Motion for New Trial is whether there was, as a matter of law, sufficient evidence of a causal connection between the post-operative conduct of the deceased and the dehiscence and evisceration of deceased's wound to sustain a jury instruction on contributory negligence.
"The Plaintiff, arguendo, admits that the deceased violated the Defendant doctor's instructions to stay in bed and use a bedpan if he had to go to the bathroom. Plaintiff testified that the deceased got out of bed and walked to the bathroom to relieve himself on the same day he came home from the hospital. The Defendant doctor testified that he gave specific instructions about staying in bed, but the Plaintiff, deceased's widow, denied any such instructions were given. However, Plaintiff, arguendo, alleges that there is no evidence in the record to support a finding that the deceased's violation of instructions caused deceased's wound to open and to eviscerate.
"After a careful examination of the testimony and record, no direct and positive evidence is found that the conduct of the deceased, upon release from the hospital, caused his downfall. Nor was there any expert testimony of a `reasonable medical certainty' that the deceased's conduct in violating the Defendant doctor's instructions caused the wound to open to eviscerate. Taken in the light most favorable to the Defendant doctor, the record discloses, by means of expert medical testimony on behalf of the doctor, that the deceased's actions possibly could have caused the deceased's wounds to open and eviscerate. * * *
* * * * * *
"* * * I am satisfied that there was fatal error, and the plaintiff, by the giving of this improper charge, was prejudiced, that the probable result of the trial would have been different *751 without this charge. That the Plaintiff was harmed by this erroneous instruction is beyond controversy.
"The Motion for New Trial, filed by the Plaintiff herein, after due and careful consideration, is granted, and the Judgment entered thereon is vacated, set aside and held for naught. * * *"
We are presented with an appeal by the doctor and one by the hospital from the order granting a new trial. These appeals have been consolidated and are here discussed together.
Upon appeals from orders granting new trials, we are limited to a consideration of the grounds specified by the trial judge. Sections 59.06(1), 59.07(4) Fla. Stat., F.S.A., Leonetti v. Boone, Fla. 1954, 74 So.2d 551.
The authority of a non-presiding successor-judge to rule upon a motion for a new trial is clear. Leibovit v. Garfunkel, 68 Fla. 463, 67 So. 98, Wohlfiel v. Morris, Fla.App. 1960, 122 So.2d 235. Nevertheless, the granting of a new trial in this case does not come to the appellate court clothed with the same weight as such an order entered by the judge who tried the case. This is true because we may not say that the trial judge had the great advantage of observing the witnesses and the conduct of the trial. Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398.
This is not to imply that the order of the trial judge is not given its due presumption of correctness. Nor do we forget the rule that appellate courts are much more reluctant to interfere with an order granting a new trial than an order denying a new trial. Cloud v. Fallis, Fla. 1959, 110 So.2d 669; Simpson v. Clay, Fla. App. 1962, 139 So.2d 494
The circuit judge granted the new trial because he conceived that his predecessor had committed error by giving an instruction upon contributory negligence. He found nothing wrong with the instruction but held that it was upon an issue which did not exist and therefore was inapplicable to the facts of this case. The question then is whether the evidence viewed in the light most favorable to the defendants was sufficient to support the issue of contributory negligence of the deceased. We hold that the evidence presented the issue and reverse the order granting a new trial on each appeal.
In a personal injury suit the issue of contributory negligence is ordinarily and peculiarly a question for the jury. Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, 27 A.L.R.2d 816. On the question of contributory negligence, it is only necessary that there be some evidence tending to show negligence on the part of the plaintiff to make a jury question. Redwing Carriers, Inc. v. Helwig, Fla.App. 1959, 108 So.2d 620.
Without prolonging this opinion by a detail of the evidence, it is sufficient to say that if the jury believed Dr. Gerspacher's testimony that he definitely instructed the deceased to stay in bed and avoid all strains and particularly, to use a bedpan until the doctor had visited and checked him, then the fact that the deceased was found unconscious upon the commode was some evidence that the deceased negligently violated his instructions and proximately contributed to his injury.
The order granting new trial is reversed with directions to enter judgment upon the jury verdict.
Reversed.
HENDRY, J., dissents.

ON PETITION FOR REHEARING
PER CURIAM.
The petition points out an incorrect statement of fact in the opinion in that the opinion states that the deceased was found unconscious upon the commode, and the petition *752 correctly states that there is no evidence that the deceased was found unconscious. The petition thus performs an important function in the office of a petition for rehearing.
We hold, however, that this incorrect statement is not sufficient to require a rehearing, nor is it sufficient to invalidate the decision reached by the court. Whether the deceased was conscious or unconscious when found eviscerated upon the commode is not a determinative fact. The record does reveal that his wife found him eviscerated and upon the commode.
We have also considered the other grounds advanced in the petition for rehearing and the petition is denied.