PER CURIAM.
Jimmie Frazier brought a personal injury action arising out of an accident involving an industrial lift truck manufactured by the defendant, Otis Elevator Company [Otis]. The trial of this case resulted in a jury verdict in favor of the plaintiff. Judge Joseph M. Nadler entered a final judgment for the plaintiff based on the jury verdict. Otis served a motion for judgment in accordance with motion for directed verdict or in the alternative, motion for new trial. Judge Nadler held two hearings on these motions, but issued no ruling. Instead, on the court’s own motion, Judge Nadler recused himself from the case.
The case was reassigned to Judge James Henderson, who also recused himself. Then, the case was reassigned to Judge Norman Gerstein. Upon receiving the pending motions, Judge Gerstein notified the parties that he did not have the authority to rule on their merits. Otis petitioned the court for rehearing. After a hearing on whether Judge Gerstein, as a successor judge, had the authority to rule on the motions, the trial court declined to grant rehearing or to rule on the post-trial motions. Otis petitioned this court for a writ of mandamus to instruct the trial court to rule upon the post-trial motions.
Based on the Florida Supreme Court’s decisions in Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398 (1943), and Leibovit v. Garfunkel, 68 Fla. 463, 67 So. 98 (1914), as well as this court's decision in General Hospital of Greater Miami, Inc. v. Gager, 160 So.2d 749 (Fla. 3d DCA), cert. denied, 168 So.2d 145 (Fla.1964), that a successor *660 judge has the authority to rule upon a motion for a new trial in a jury case, we grant the petition and issue the writ of mandamus instructing the court to rule upon the merits of the pending motions.[1]

. The suggestions to the contrary in K.C. v. A.P., 577 So.2d 669, 670 (Fla. 3d DCA), review denied, 589 So.2d 289 (Fla.1991), and State ex rel. Wesley Constr. Co. v. O’Connell, 347 So.2d 442, 443 n. 1 (Fla. 3d DCA 1977), are, in our view, dictum.