GREEN, Judge.
We affirm the final order granting a new trial filed on behalf of defendant Otis Elevator Company (“Otis”).[1] As a general *101 rule, evidence of the occurrence or non-occurrence of prior accidents is admissible only if it pertains to the use of the same type of appliance or equipment under substantially similar conditions. Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla.1969); Ashby Div. of Consol. Aluminium Corp. v. Dobkin, 458 So.2d 335 (Fla. 3d DCA 1984); Lasar Mfg. Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). Such evidence is admissible, if not too remote in time, for the purpose of showing the dangerous character of the instrument and the defendant’s knowledge thereof. Railway Express at 873; Lasar Mfg. at 238.
In the instant case, we agree with the court below that the original trial judge erred in admitting evidence of other pallet jack accidents at trial where it was not shown that such accidents involved the use of an Otis pallet jack under substantially similar conditions as plaintiffs accident. We are particularly constrained to reach this conclusion where the record reflects the presence of at least one other type of pallet jack which was not manufactured by Otis. Hence, unless the plaintiff is able to conclusively demonstrate that the other accidents occurred under substantially similar conditions as plaintiffs accident with the use of an Otis pallet jack, this evidence should be excluded at the retrial of this cause.
Affirmed and remanded.

. The trial court below granted the motion for new trial in its capacity as a successor judge pursuant to our decision of Otis Elevator Co. v. Gerstein, 612 So.2d 659 (Fla. 3d DCA 1993).