PER CURIAM.
Mark Godfrey and Nicholas Grace (the Plaintiffs) timely appeal an order granting defendants Teledyne Continental Motors, Inc., and Teledyne Technologies, Inc.’s (collectively Teledyne) motion for a new trial in the Plaintiffs’ suit for damages suffered when the airplane they were in crashed allegedly as the result of a faulty carburetor. On cross-appeal, Teledyne also raises a number of issues. We need not address all issues raised, but agree with Teledyne that the trial court committed reversible error by allowing the Plaintiffs to introduce evidence of more than 100 problem occurrences involving other aircraft engines without a showing that the other incidents were caused by defects substantially similar to the defect that the Plaintiffs alleged here. These documents were purportedly offered solely to show *1022 that Teledyne was on notice of the carburetor defect that allegedly caused its engine to fail. Yet, most of the incidents involved a larger aircraft engine built by a competing manufacturer and using a different carburetor than the one Teledyne certified for use with the engine at issue in this case.
Generally, in this context, “evidence of the occurrence or non-occurrence of prior accidents is admissible only if it pertains to the use of the same type of appliance or equipment under substantially similar conditions.” Frazier v. Otis Elevator Co., 645 So.2d 100, 101 (Fla. 3d DCA 1994) (citations omitted). Florida law places the burden on the proponent of this type of evidence to demonstrate “substantial similarity” before the evidence can be admitted. Ford Motor Co. v. Hall-Edwards, 971 So.2d 854, 860 (Fla. 3d DCA 2007), review denied, 984 So.2d 1250 (Fla. 2008). Teledyne filed a timely pretrial motion to bar the Plaintiffs from admitting any evidence of other accidents without making the required showing. In response, the trial court entered an order that accurately set forth the law in this area and required the Plaintiffs to make the required showing in writing. The Plaintiffs filed a written submission that failed, in our view, to make the required showing as to the majority of these incidents. Basically, the Plaintiffs relied upon testimony from one of their experts, who opined that the engine at issue in this case was similar to other engines, including engines from other manufacturers. The same expert testified to a list of carburetors that he opined to be similar in that they all share the defects alleged to exist in the carburetor that allegedly contributed to the engine failure in this case. That testimony, however, was not sufficient to show that the more than 100 incidents placed before the jury met the required test for substantial similarity.
In fact, even if all of the accidents had involved the same Teledyne engine, that showing, alone, would not have been sufficient to secure admission of evidence regarding all of the other accidents. For example, one of the effects of the defects alleged by the Plaintiffs is a build-up of carbon in the engine exhaust valve that can interfere with the engine’s operation and, ultimately, cause the engine to fail (stop running during flight). The parties do not dispute, however, that there are other potential causes of carbon build-up inside an aircraft engine. For example, the Plaintiffs’ expert conceded that failing to change the engine oil when specified can cause this same condition. Yet, all that is known about some of the supposedly similar accidents is that they involved engines with carbon build-up. That showing, alone, is clearly insufficient to meet the similarity requirement of Frazier because there is no way of knowing whether the build-up was caused by the same condition alleged as a defect in this case. An accident caused because of failure to change an engine’s oil when required — even if it involved the same Teledyne engine type as the one at issue here — would not have put Teledyne on notice of the defects alleged in this case and would therefore have had no relevance to the matters at issue in this case.
Because the Plaintiffs’ pre-trial showing was not sufficient to meet the Frazier similarity standard, the trial court erred in denying Teledyne’s pre-trial motion on this issue. Given the volume of other accident evidence introduced in this case without a sufficient similarity showing, we cannot conclude that the error in admitting this evidence was harmless. Accordingly, a new trial is warranted.
*1023 For the benefit of the trial court and the parties in future proceedings, we note that we find no error in: (1) the trial court’s entry of summary judgment in favor of Teledyne on the issue of punitive damages; (2) the trial court’s failure to enter judgment in Teledyne’s favor as to the Plaintiffs’ negligent omission claim; or (3) the trial court’s denial of Teledyne’s other post-trial motions. We do note, however, that the jury instructions regarding the Plaintiffs’ negligent omission claim were problematic. Basically, the Plaintiffs claimed that Teledyne had a duty to disclose known defects under various Federal Aviation Administration (FAA) regulations. The Plaintiffs are correct that a legal duty may arise from administrative regulations. McCain v. Florida Power Corp., 598 So.2d 500, 503 n. 2 (Fla.1992). The trial court properly rejected Tele-dyne’s argument that the duty to disclose apparently created by these regulations cannot apply to them because the Plaintiffs alleged a defect with another manufacturer’s carburetor, and not with Teledyne’s engine. The problem with this argument is that Teledyne specified the carburetor that had to be used with its engine. And, the Plaintiffs’ theory is that the defective carburetor caused the engine to fail during flight. We agree with the Plaintiffs, as did the trial judge, that if FAA regulations require an airplane engine manufacturer to report known engine defects to the public, this disclosure requirement would necessarily include a duty to disclose a known defect in a carburetor or other part certified by the engine manufacturer for use with the engine that will cause the engine itself to fail.
The problems with the jury instructions on this issue arose as the trial court allowed the Plaintiffs’ theory to morph during trial from an affirmative misrepresentation theory to a negligent omission theory. Although we find no abuse of discretion, on this record, in allowing the Plaintiffs to basically amend their complaint to conform with the evidence, the parties ended up using standard instructions on affirmative misrepresentation that did not match the Plaintiffs’ ultimate theory of liability. On remand, the Plaintiffs should be granted an opportunity to formally amend their complaint to match the theory presented to the jury. And, this opinion should not be read as barring any legal defenses that Teledyne may raise in response to the amended complaint, other than the one expressly rejected in this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
LAWSON and COHEN, JJ., concur.
SAWAYA, J., dissents with opinion.