Bernard Herman **FRAND**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 6855.

United States Court of Appeals
Tenth Circuit.

March 5, 1962.

Richard P. Cullen, Denver, Colo., for appellant.

Robert M. Green, Asst. U. S. Atty., for appellee.

Before BRATTON, HUXMAN and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

An indictment was returned in the United States Court for Kansas charging Bernard H. Frand and Byron Leslie McCabe with the offense of transporting in interstate commerce a stolen automobile knowing it to have been stolen. Both of the accused were found guilty and each was sentenced to imprisonment. No appeal was taken. Frand filed a motion

under 28 U.S.C. § 2255 to vacate the judgment and sentence imposed upon him. The motion was denied without a hearing. On appeal, the order denying the motion was reversed and the proceeding was remanded with directions to grant a hearing at which Frand might appear and testify. Frand v. United States, 10 Cir., 289 F.2d 693. The hearing thus ordered was had, at which Frand was present but did not testify and did not adduce any evidence. The record indicates that a transcript of the proceedings at the trial of the criminal case was before the court and it is now part of the record on appeal. The motion was denied, and the proceeding is here on appeal from the order of denial.

■ The single attack upon the order denying the motion is that Frand was deprived of his constitutional right to the effective assistance of counsel at the trial of the criminal case. It is argued that the court appointed attorney who represented Frand and McCabe at the trial of the criminal case was so incompetent that Frand was deprived of his constitutional right to the effective assistance of counsel. This is not an appeal from the judgment and sentence imposed upon Frand in which conventional errors occurring during the trial would be open to review. It is an attack upon the judgment and sentence by motion under § 2255. The statute provides in express language that the grounds of attack which may be presented by motion under its terms are that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose the sentence; or that the sentence is otherwise open to collateral attack. Lack of effective assistance of counsel in the trial of a criminal case constitutes impingement upon a constitutional right of the accused and lays the judgment and sentence open to collateral attack by motion under the statute. But the constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy in the course of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute. It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel. Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, certiorari denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86; Black v. United States, 9 Cir., 269 F.2d 38, certiorari denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357.

■ The government introduced four witnesses. One was not cross examined. But it does not appear that cross examination would have been helpful to Frand and McCabe. Cross examination of the other witnesses was brief. But the record fails to indicate that more extended cross examination would have advantaged Frand and McCabe. No objection was made to certain evidence which was hearsay in character. But laying such evidence entirely aside, a prima facie case was clearly made against both of the accused. At the outset of his argument to the jury, the attorney stated that it was his first jury trial. But the quality of legal services rendered to an accused in a criminal case is not always measured by previous experience or the lack of it. The accused both testified at length in their own behalf. They made certain admissions and offered certain explanations. They admitted obtaining possession of the automobile in Arizona, and explained. They admitted driving the automobile from Arizona to Hutchinson, Kansas, and explained. They admitted painting the car after they arrived in Hutchinson with it, and explained. They admitted giving fictitious names when interviewed by officers, and

explained. Manifestly, the jury did not credit their explanations. We are not persuaded that as the result of incompetence of the attorney the trial amounted to mockery or became farcical. And therefore the judgment and sentence was not open to collateral attack by motion under section 2255, supra. Mitchell v. United States, supra.

The order denying the motion is affirmed.