169 So.2d 861 (1964)
Otice Moore TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-426.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Robert L. Koeppel, Public Defender and Patrick A. Podsaid, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky and Leonard R. Mellon, Asst. Attys. Gen., for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from an order denying a motion for relief under Criminal Rule No. 1, F.S.A. ch. 924 Appendix. The appellant is serving a life sentence in the state penitentiary for the crime of rape. He was indicted in February of 1963. He first pleaded not guilty, but later withdrew that plea *862 and pleaded guilty, whereupon the adjudication and sentence followed.
In April of 1964 appellant filed a petition in the circuit court for relief under Rule No. 1, stating numerous grounds. The petition was denied by an order which recited that the record "conclusively shows that the petitioner is entitled to no relief."
The appellant is represented here by the public defender who has filed an extensive brief on his behalf. After considering the record, the briefs and the arguments of counsel, we conclude that the trial judge was eminently correct in denying the motion. The appellant's contentions based on matters occurring prior to the time the case came on for trial were not shown to have resulted in prejudice and were legally insufficient to entitle him to relief under the rule invoked. The minutes of the trial court reflect that at the time defendant pleaded guilty he was represented by counsel, and that his application to the court to withdraw the not guilty plea and to substitute a plea of guilty was made through counsel by written motion. The minutes further reflect that the motion for change of plea was granted, and thereupon evidence was submitted to the trial court without objection, except defendant's confession which the court excluded on objection by his attorney. The appellant's challenge of the competency of his attorney falls short of the showing necessary to give effectiveness to such a ground. See Simpson v. State, Fla.App. 1964, 164 So.2d 224; Washington v. United States, 9 Cir.1961, 297 F.2d 342; Frand v. United States, 10 Cir.1962, 301 F.2d 102.
It was argued on behalf of the appellant that his motion under Criminal Rule No. 1 should have been granted because the existence of a confession by him, although illegally obtained, compelled him to choose to plead guilty. That argument is ingenious but lacks merit. It can be presumed that if the confession was illegally obtained it would have been rejected when offered in a trial on the merits. Appellant contends the confession would not have been excluded at trial because its nonadmissibility was not known at that time, but is determinable now as the result of the recent ruling of the Supreme Court of the United States in the Escobedo case.[1] Appellee replies by pointing out that the trial judge refused to accept the confession in evidence when offered along with other evidence following the taking of the guilty plea, and questions the claimed invalidity of the confession under the standards set in the Escobedo case. Moreover, it does not appear there was an absence of other evidence of guilt or of the prospect of its production, which could have had a bearing on the defendant's choice to plead guilty with a consequent life sentence as protection against a severer penalty which might follow conviction after trial.
The order appealed from is affirmed.
NOTES
[1] Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.