PER CURIAM.
Appellant and a co-defendant were charged in two informations with the crimes of forgery, uttering a forged instrument, and unlawful use of credit cards in violation of § 817.481, Fla.Stat, F.S.A. Both defendants were represented by an assistant public defender. Following their plea of not guilty and waiver of jury trial, they were tried and convicted of uttering forged instruments and unlawful use of credit cards and sentenced to imprisonment in the state penitentiary.
The two above styled appeals filed by Caputo, and two separate appeals taken by his co-defendant Giannone, presented the same points and identical arguments. The contentions made on appeal have been examined and found to be without merit.
Delay in being brought before a magistrate, in contravention of § 901.23, Fla.Stat., F.S.A. was not shown have resulted in prejudice. See Milton v. Cochran, Fla.1962, 147 So.2d 137; Gore v. State, Fla.App.1964, 163 So.2d 37. The information sufficiently described the nature of the offense. The question raised as to the arrest became immaterial when valid informations were filed, and evidence obtained incident to arrest was suppressed on a holding of •illegal search and seizure. There was sufficient additional competent evidence introduced to support the findings of the trier of the facts. The conduct of the two defendants was sufficiently related to sustain the holding that both were guilty of the offenses charged. Section 776.011, Fla. Stat., F.S.A. The claim of misconduct by the prosecutor is refuted by the record. There is no showing that the assistant public defender did not have adequate time to prepare a defense, and a continuance was not sought.
No prejudicial error having been shown, the judgments in the above styled appeals No. 64-422 and No. 64-423 are affirmed.
Affirmed.