PER CURIAM.
On January 26, 1965, this court filed an opinion reversing the order appealed from in the above matter. A petition for rehearing filed by the state sought clarification of the opinion in certain respects. Rehearing having been granted and the cause recon-sidere'd, we withdraw the opinion filed January 26, 1965, and substitute the following as the opinion and judgment of this court.
The appellant applied to the criminal court of record in Dade County, under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix for relief from conviction and sentence for the crime of unlawful possession of a firearm by a convicted felon. His motion which listed a number of grounds *799 was summarily denied by the trial court, and he has appealed.
The record discloses appellant was arrested without a warrant on June 1, 1963. Two days later a warrant was issued, and he was held thereunder and taken before a committing magistrate on June 13, and was bound over. On June 28 an information was filed. At his arraignment on July 3 he was represented by the public defender’s office. He pleaded not guilty and waived a jury. Trial was held on July 23, and he was represented then by an attorney from the public defender’s office. He was convicted and sentenced to confinement for eight years. Motions for new trial and for mitigation of sentence were filed on his behalf, and were denied. Approximately six months later and while serving the sentence, the appellant filed his motion for relief under Criminal Procedure Rule No. 1. The allegations submitted in the motion as a basis for collateral attack of the judgment relate to three subjects, alleged incompetence of his counsel, that he was denied counsel at his preliminary hearing and that he was detained, incommunicado and without counsel, for 12 days prior to preliminary hearing.
The allegations with reference to the claim of incompetent and improper handling of his case by counsel were that the attorney who he alleges was forced on him, did not know any of the facts of the case; did not speak on appellant’s behalf at the time of trial; did not confer with appellant before the time of trial; did not produce two witnesses in court to testify on behalf of appellant, as promised; forced appellant to take the stand and testify because he (the lawyer) knew nothing of the facts of the case; and admitted to the judge, at the hearing on motion for new trial, that he did not know all of the facts of the case at the time of trial.
Regarding sufficiency of allegations of incompetency of the counsel for collateral attack on such a judgment, and therefore to require formal hearing thereon in the trial court, it was said by a Federal Appellate Court as to a motion under the Federal Statute equivalent to the Florida Rule, as follows:
“ ‘ * * * [T]he constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy in the course-of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute [28 U.S.C.A. § 2255], It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to-collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel.’ ” Frand v. United States, 10 Cir.1962, 301 F.2d 102, 103. And see Simpson v. State, Fla.App.1964, 164 So.2d 224.
Tested against the foregoing, it would appear that the allegations in the appellant’s motion regarding incompetence of counsel in the handling of his case were sufficient to require formal evidentiary hearing thereon in the trial court, and we reverse the judgment appealed from, on that ground. The remaining grounds of the motion, as referred to above, were insufficient as collateral attacks on the judgment, absent a showing of resultant prejudice. Baugus v. State, Fla.1962, 141 So.2d 264; Milton v. Cochran, Fla.1962, 147 So.2d 137; Byers v. State, Fla.App. 1964, 163 So.2d 57; Wooten v. State, Fla.App.1964, 163 So.2d 305; Marti v. State, Fla.App.1964, 163 So.2d 506; Shea v. State, Fla.App.1964, 167 So.2d 796.
For the reasons stated the order appealed from is reversed and the cause is remanded *800 for further proceedings not inconsistent herewith.
Reversed and remanded.