174 So.2d 609 (1965)
Terry Lee TURVEY, Appellant,
v.
STATE of Florida, Appellee.
No. G-49.
District Court of Appeal of Florida. First District.
April 29, 1965.
George G. Phillips, Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
WIGGINTON, Acting Chief Judge.
This is an appeal from a final judgment denying appellant's motion filed pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, to set aside the judgment of conviction and sentence rendered against him.
Appellant was arrested for the offense of manslaughter by the culpably negligent operation of a motor vehicle. After arrest and while confined in the county jail, appellant made a confession of his guilt. Counsel was appointed to represent appellant and at arraignment appellant plead guilty to the offense as charged.
By his motion to vacate appellant contends that his constitutional rights were violated in that he was not furnished the assistance of counsel at the time he became a prime suspect of the offense with which he was charged, and for the further reason that he was not afforded the benefit of counsel prior to and at the time he made his confession of guilt. In support of his position appellant relies upon the case of Escobedo v. State of Illinois[1] in which it is said:
"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lend itself to the eliciting of incriminating statements, the suspect has requested and has been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied `the *610 Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as `made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. 335, at 342, 83 S.Ct. [792], at 795 [9 L.Ed.2d 799] and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."
Appellant contends that at the time he was arraigned he knew he had made a confession of his guilt, which confession he assumed to be valid at that time, and because of the existence of which he chose to plead guilty to the offense as charged. Appellant argues that had it not been for the illegal confession exacted of him by the police officers before he had been furnished the assistance of counsel, he would not have plead guilty to the offense of which he was adjudged guilty and sentenced to imprisonment.
There are four distinguishing features between this case and the Escobedo case on which appellant relies. In the case sub judice there is no allegation or proof that appellant requested and was refused the right to the assistance of counsel after his arrest and at the time he became a prime suspect in the case. There is no allegation or proof that the assistance of counsel, or right to confer with counsel, was refused appellant prior to or at the time he made his confession of guilt. There is no allegation or proof that appellant was not fully advised of his constitutional rights against self-incrimination prior to the time he made his confession. There is no allegation or proof that the confession made by appellant was known to or considered in any manner by the court who sentenced appellant upon his plea of guilty.
A similar contention as that urged here was made in the case of Taylor v. State of Florida.[2] In that case the appellant likewise confessed his guilt of the offense of which he was charged and to which he pleaded not guilty. With the advice of counsel appellant appeared at arraignment, withdrew his prior plea, and pleaded guilty. After his plea, evidence was submitted to the court concerning the circumstances surrounding the crime. When the appellant's confession was offered in evidence by the State, it was objected to by the defendant's counsel and the objection was sustained. Appellant later filed his motion for relief under Criminal Procedure Rule 1, which was denied. In affirming the order of denial, the Third District Court of Appeal said:
"It was argued on behalf of the appellant that his motion under Criminal Rule No. 1 should have been granted because the existence of a confession by him, although illegally obtained, compelled him to choose to plead guilty. That argument is ingenious but lacks merit. It can be presumed that if the confession was illegally obtained it would have been rejected when offered in a trial on the merits. Appellant contends the confession would not have been excluded at trial because its non-admissibility was not known at that time, but is determinable now as the result of the recent ruling of the Supreme Court of the United States in the Escobedo case. Appellee replies by pointing out that the trial judge refused to accept the confession in evidence when offered along with other evidence following the taking of the guilty plea, and questions the claimed invalidity of the confession under the standards set in the Escobedo case. Moreover, it does not appear there was an absence of other evidence of guilt or of the prospect of its production, which could have had a bearing on the defendant's choice to plead guilty with a consequent life sentence as protection *611 against a severer penalty which might follow conviction after trial."
Finding no error, the judgment appealed is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.
[2] Taylor v. State, (Fla.App. 1964) 169 So.2d 861.