176 So.2d 564 (1965)
Herbert THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 64-691.
District Court of Appeal of Florida. Third District.
May 25, 1965.
On Rehearing July 6, 1965.
*565 Robert L. Koeppel, Public Defender and Patrick A. Podsaid, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
The appellant, Herbert Thompson, was indicted for the crime of first-degree murder and entered a plea of not guilty to the charge. Thereafter, during the progress of the trial, he voluntarily withdrew his plea of not guilty and entered a plea of guilty. The second plea was accepted by the trial court, and he was found guilty with recommendation of mercy. After adjudication he was sentenced to the State penitentiary for life. Subsequently, the appellant filed a motion in the trial court pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix to vacate his conviction and sentence. His motion was denied without formal hearing upon a finding by the trial court that the grounds of the motion were legally insufficient.
The first basis upon which the appellant seeks relief is his statement that he was arrested without a warrant and without probable cause. We find that neither the motion nor the record show that the method of appellant's arrest resulted in his being denied the substance of a fair trial. Cf., Caputo v. State, Fla.App. 1956, 173 So.2d 745 [opinion filed 4/6/65.].
Appellant's second basis for the relief claimed is obviously framed in an attempt to bring his situation within the purview of the decision of the Supreme Court of the United States in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). We reject that contention on the basis of our recent holding that the decision in Escobedo v. State of Illinois, supra, has no retroactive effect in the State of Florida. See Bell v. State, Fla.App. 1965, 175 So.2d 80 [filed May 18, 1965].
The third of appellant's grounds is that he was induced to confess by illegal interrogation, physical force, and threats.[1] *566 The record reveals that the appellant first pled not guilty; then two separate statements of the appellant were admitted in evidence, each one over the objection of the defendant; then the appellant changed his plea to guilty. This record is consistent with appellant's allegation that he would not have pled guilty except for the admission of an alleged confession.
The record neither sustains nor refutes appellant's allegation regarding the method used to procure the confession. It is clear that the trial judge considered the objections then made to the confession. At the trial appellant was represented by counsel of his own choosing. With the advice of counsel, appellant chose not to await the outcome of the trial and appeal the finding of the trial judge that the statements were admissible. Upon his election to plead guilty, he withdrew his case from the jury. Thus, no issue was presented to them as to the weight and value to be given to the alleged confession as evidence. The appellant's conviction was based upon his plea of guilty. It may be said with confidence that the appellant, with the advice of counsel, hoped for and did gain the advantage of a sentence less than the maximum. His assertion now in substance is that the trial judge improperly ruled that the confession was voluntary and that because of that ruling (which he has aborted by his change of plea) he pleaded guilty and that the courts should now relitigate the question of the voluntariness of his alleged confession.
The question of the availability to the appellant of this ground under the circumstances of this case is affected by questions of policy. In essence the decision is whether the courts will regard a conviction upon a plea of guilty which may possibly have been induced by a forced confession as so heinous a possibility that they will demand a relitigation of the issue after its initial determination in the trial court and its subsequent withdrawal by the plea. We think that we must be that careful of human liberty and answer the question in the affirmative.
The dangers of "trial by confession" have been too frequently demonstrated by governments other than our own to need elaboration. The record here does not demonstrate that the appellant's charges are false. We are not presented with a transcript of the evidence before the trial judge upon his initial determination of the voluntariness of the confession. If the record exists it may dispose of the issue now presented by the appellant. If no record exists then the trial judge must hear the evidence on the issue.
In Williams v. State, Fla.App. 1965, 174 So.2d 97 [opinion filed 3/31/65, not yet reported] a different decision has been reached. We point out these distinguishing facts between the case under consideration and the Williams case. In Williams v.v. State, supra: (1) the appeal was after a full hearing at which evidence was received on the motion; (2) it was found that there was no evidence that the confession induced the plea of guilty (a conclusion we cannot reach in the instant case); (3) the confession was not offered in evidence; (4) it was found that the evidence available to the prosecutor, apart from the confession was sufficient of itself to cause the appellant and his counsel reasonable apprehension *567 concerning the possibility of the death penalty. See also Taylor v. State, Fla.App. 1964, 169 So.2d 861, which is likewise distinguishable.
Appellant's fourth ground claims incompetence of his counsel. This ground is not available to him because he selected and employed the counsel who represented him. Amaral v. State, Fla.App. 1965, 171 So.2d 549.
The fifth and sixth grounds of the motion are not relevant to the question of whether appellant was deprived of the substance of a fair trial.
The order denying the motion for relief pursuant to Criminal Procedure Rule 1 is reversed and the cause remanded with directions to grant the appellant a hearing upon his allegation that he was induced to confess by illegal interrogation, physical force, and threats. See Gillyard v. State, Fla.App. 1965, 175 So.2d 798 [opinion filed on rehearing granted 4/6/65].
Reversed.

ON REHEARING
Before TILLMAN PEARSON, CARROLL and BARKDULL, JJ.
PER CURIAM.
On petition of the appellee, the State of Florida, we granted rehearing. In the opinion of this court filed May 25, 1965, to which the petition for rehearing was directed, we reversed an order of the trial court which summarily denied appellant's motion under Criminal Procedure Rule 1 F.S.A. ch. 924 Appendix, collaterally attacking, on a number of grounds, his conviction and life sentence based on a plea of guilty to an indictment for murder in the first degree.
In our opinion of May 25 we held the trial court correctly rejected as legally insufficient the several grounds of the Rule 1 motion other than the ground on which we based reversal. That ground was referred to in our opinion as appellant's contention "that he was induced to confess by illegal interrogation, physical force and threats."
On reconsideration of the cause on rehearing, with the benefit of further oral argument, a majority of the panel of this court which heard the cause now holds that the trial judge was also correct in rejecting the ground just mentioned, and the order appealed from should be affirmed.
It is disclosed by the record that when the defendant withdrew his plea of not guilty and pleaded guilty in the course of the trial, the trial court had overruled his objections to admission of certain prior statements by him, and that the state had presented other evidence in support of the charge. In those circumstances, to permit a collateral attack on the judgment by questioning the correctness of the trial court's ruling on the defendant's objection to the prior statements or "confession" would be contrary to certain prior decisions. See Taylor v. State, Fla.App. 1964, 169 So.2d 861; Gibson v. State, Fla.App. 1965, 173 So.2d 766; Williams v. State, Fla.App. 1965, 174 So.2d 97; Turvey v. State, Fla.App. 1965, 174 So.2d 609. This holding on rehearing conforms to rulings of federal appellate courts on the point involved. See Smith v. United States, 1950, 88 U.S.App. D.C. 80, 187 F.2d 192, cert. denied, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358; Hodges v. United States, 1960, 108 U.S. App.D.C. 375, 282 F.2d 858.
While the contention of appellant in his Rule 1 motion in the trial court that his confession was improperly obtained may afford a basis to imply a further contention on his part that the plea of guilty was induced solely thereby, the state's petition for rehearing points out that nowhere in the *568 Rule 1 motion was the latter contention expressed. Moreover, such an allegation, if made, would be insubstantial where the record shows that other material evidence bearing on the charge was presented by the state or was available. See Taylor v. State, supra; Williams v. State, supra. Additionally, the affirmative showing on the record that the guilty plea was voluntary, refutes the present contention that it was coerced by existence of the prior confession. Gibson v. State, supra.
For the reasons stated, the judgment of reversal is receded from, our opinion filed May 25, 1965, is modified accordingly, and the order appealed from is hereby affirmed.
It is so ordered.
TILLMAN PEARSON, Judge (dissenting).
I would adhere to the opinion as originally written.
NOTES
[1] This ground is stated in the motion as follows:

"The defendant alleges that the arresting officers used illegal action against the defendant `by undergoing hour after hour of interrogation, repeatedly questioning, threats of the death penalty, and badly beating him for days, and after the defendant could no longer withstand the deep-rooted feeling enforced upon the defendant and compelled the defendant into signing an illegal and unlawful confession also to agree to plead guilty to the alleged crime murder in the first degree which the defendant is not guilty of,' without the aid of counsel, and the arresting officer's illegal action in violation of the above named statute deprived the defendant of rights that is guaranteed under State and Federal Constitutions and rules and statutes."