JOHNSON, Judge.
The defendant was charged with breaking and entering with intent to commit misdemeanors and felonies in a series of infor-mations containing more than 40 such charges. The defendant was represented by the Public Defender of Escambia County, who was present at the arraignment and sentencing of the defendant. Defendant’s mother was also present and acknowledged that she had full knowledge of the charges filed against her son and agreed to his arraignment and pleas of guilty. The sentencing was on March 6, 1964.fe On May 7, 1965, defendant filed a motion to vacate and set aside the judgments and sentences on the grounds that he was without counsel and that the guilty pleas were obtained by threats and promises.
The court found that the defendant was represented by counsel and that the other allegations and grounds were without merit
From the record available to this court, it appears that the defendant was represented by counsel and that his pleas of guilty were voluntarily made, and it does not appear that the court considered the confessions complained of when sentencing the defendant. This case falls within the ruling of Williams v. State, 174 So.2d 97 (2d DCA,1965) and Turvey v. State, 174 So.2d 609 (1st DCA, 1965). Also, Thompson v. State, 176 So.2d 564 (3rd DCA, 1965).
*656 The other grounds raised by the appellant are without merit.
Therefore the order appealed is
Affirmed.
WIGGINTON, Acting C. J., and STURGIS, J., concur.