PER CURIAM.
The appellant, James Ruby Thomas, also known as James R. Thomas, defendant below, seeks review of the trial court’s denial of his petition for relief filed pursuant to Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix.
On September 17, 1963 the defendant was indicted by the Grand Jury for Dade County, Florida for the crime of rape. Thereafter, the defendant personally appeared in court with his attorney, Irwin Block, and entered a plea of not guilty to the indictment. Later, the defendant, through his attorney, withdrew his prior plea of not guilty, and entered a plea of guilty as charged. The defendant testified in his own behalf at that time. Prior to entering judgment and pronouncing sentence, the defendant was asked in open court if he had anything to say to show why the judgment and sentence should not be entered, at which time he said nothing. The Circuit Court then sentenced the defendant to ninety-nine years in the State penitentiary.
.
The defendant’s petition for relief filed pursuant to Criminal Procedure Rule No. One, alleged, inter alia, that he had witnesses for the purpose of producing testimony in his behalf, but the court did not take this into consideration and would not subpoena his witnesses into court for testimony. The lower court denied the petition after hearing argument of counsel on both sides, and hearing the testimony of one witness, Irwin Block. This appeal followed.
The defendant contends on appeal that the denial of the right to compulsory process of witnesses is a valid ground for collateral attack under Criminal Procedure Rule No. One, and relies on the case of Byers v. State, Fla.App.1964, 163 So.2d 57. In that case, the petitioner did not have a hearing on the allegations contained in his Rule One *362 petition. In the instant case, defendant was granted a hearing and his counsel at the time of the original trial testified at the hearing in direct opposition to the allegations contained in the petition. It should also be noted that in the Byers case, supra, a full trial was conducted by the attorney for Byers, while in the instant case, the attorney had entered a plea of guilty to the charges on behalf of the defendant.
It is obvious, therefore, that since he pled guilty at the time of the trial, there was no legal necessity for his counsel to call witnesses. Furthermore, the failure of counsel to call witnesses on behalf of the defense is a matter of personal judgment exercised by defense counsel and is not a ground for collateral attack. Brookins v. State, Fla.App.1965, 174 So.2d 578; Gillvard v. State, Fla.App.1965, 175 So.2d 798.
The defendant has failed to substantiate the allegations contained in his petition, and judgment of the lower court is therefore
Affirmed.