SHANNON, Judge.
This is an appeal from an order denying without a hearing a motion for postconviction relief filed pursuant to Fla.R.Crim.P. I, F.S.A. ch. 924 Appendix.
Appellant Carlos Camacho was indicted for first-degree murder. After originally pleading not guilty, he subsequently substituted a plea of guilty to second-degree murder and was sentenced to a life term. At the time of his guilty plea he was represented by counsel. As the ground for his postconviction motion he alleged 'that the police illegally extracted a confession from him and that as a result he had no practical alternative to pleading guilty to second-degree murder.
The record shows that appellant himself indicated that he was pleading guilty to second-degree murder voluntarily, after discussion with his counsel and his relatives, and with full understanding that he might receive a life sentence. The record further indicates that there was evidence available, apart from appellant’s confession, sufficient to establish appellant’s guilt. These factors permit the reasonable inference that such evidence, and not the confession, prompted appellant to plead guilty to second-degree murder rather than face a possible death sentence. Appellant’s contention that his guilty plea was induced solely by his confession is insubstantial and insufficient to require a hearing. Childress v. State, Fla.App.1966, 181 So.2d 655; Thompson v. State, Fla.App.1965, 176 So.2d 564, 568; Williams v. State, Fla.App., 174 So.2d 97, 100, appeal dismissed mem., Fla., 179 So.2d 211, cert. denied mem., 1965, 382 U.S. 963, 86 S.Ct. 448, 15 L.Ed.2d 366; Taylor v. State, Fla.App.1964, 169 So. 2d 861, 862.
Accordingly, the order denying appellant’s postconviction motion is affirmed.
Affirmed.
ALLEN, Acting C. J., and PIERCE, J., concur.