271 So.2d 780 (1973)
Charles R. CAPLINGER, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-336.
District Court of Appeal of Florida, Third District.
January 8, 1973.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
*781 Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal taken by defendant, Charles R. Caplinger, from a judgment based on a jury verdict finding him guilty of robbery and a life sentence imposed by the court. Defendant was represented by the public defender and trial was held before Judge Everett Dudley who adjudicated defendant guilty as charged but deferred sentencing until a presentence investigation could be conducted. Subsequently, Judge Ellen Morphonios Rowe was substituted for Judge Dudley and her only function in the cause was to sentence defendant. At the time of sentencing Judge Rowe relied solely upon the statements of counsel to become informed with the facts of the case. Defendant was sentenced to life imprisonment and this appeal ensued.
Defendant's initial argument on appeal urges error at the trial due to alleged ineffectual counsel. Defendant states he was prejudiced and denied due process because the public defender was totally unprepared for trial, sufficient time was not spent with defendant in the preparation for trial and that the resultant defense was totally ineffective. A review of the record discloses that defendant was initially represented by an attorney in the public defender's office who prepared the case for trial. Due to a conflict, however, a second public defender was assigned the case prior to trial. The second public defender had the benefit of the first attorney's preparation and nothing in the record shows that he was unprepared for trial.
In order to prove that a conviction was obtained by virtue of incompetent counsel an accused must show that his trial was a farce, sham or mockery. Hawkins v. State, Fla.App. 1966, 184 So.2d 486; Simpson v. State, Fla.App. 1964, 164 So.2d 224. A trial will not be viewed as a sham or mockery on the basis of the time the public defender spent with defendant, State v. Barton, Fla. 1967, 194 So.2d 241; Byrd v. State, Fla.App. 1971, 243 So.2d 1; Williams v. State, Fla.App. 1968, 215 So.2d 617, nor will counsel be viewed as incompetent because he exercised his personal judgment and did not call a certain witness on behalf of the defense. Fuller v. Wainwright, Fla. 1970, 238 So.2d 65; Thomas v. State, Fla. App. 1966, 190 So.2d 361. Accordingly, defendant's first argument must fail.
The final question raised on appeal concerns the validity of the sentence imposed by the substituted judge. It is permissible to allow a judge who did not preside in the trial to pass sentence upon the accused. Anderson v. State, 115 Fla. 477, 155 So. 726 (1934); Ex Parte Williams, 26 Fla. 310, 8 So. 425 (1890); United States v. Bakewell, 430 F.2d 721 (5th Cir.1970), cert. denied 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970). However, a prerequisite exists which requires the substitute judge to protect the rights of a defendant by thoroughly familiarizing himself with the case before proceeding to the matter of sentencing. Bennett v. United States, 285 F.2d 567 (5th Cir.1960).
In the case sub judice the substitute judge was unfamiliar with defendant's case before sentencing and she is precluded from sentencing defendant before she becomes adequately informed. The judge relied solely upon statements of counsel to become informed on the case and had neither the benefit of the presentence investigation ordered by the presiding trial judge nor the record of the trial before her when she passed sentence upon defendant. This is an insufficient basis to determine defendant's sentence, therefore, the sentence imposed is invalid and will be reversed.
For the reasons stated above, the judgment hereunder review is affirmed and the sentence is reversed with directions for resentencing by a different judge.
*782 Affirmed in part and reversed in part with directions.
BARKDULL, Chief Judge (concurring specially).
At the time this case came on for sentencing, it was not necessary for the trial judge to avail himself of a pre-sentence report, but when the original trial judge had directed the preparation of a pre-sentence investigation it should have been examined by the successor judge. It is noted that in the new Criminal Rules of Procedure [Rule 3.710], 33 F.S.A., which becomes effective on February 1, 1973, in all cases where a court has discretion as to what sentence may be imposed a trial judge will be required to obtain a pre-sentence investigation before sentencing a convicted defendant, if it is a first offense or if the defendant is under eighteen (18) years of age.