MILLS, Judge.
A jury found McCoy guilty of third degree arson. Judge Booth presided. Subsequently, McCoy was sentenced to ten years in the state prison by Judge Swigert. McCoy contends that Judge Swigert failed to comply with Fla.R.Crim.P. 3.700(c) which provides:
“In those cases where it is necessary that sentence be pronounced by a judge other than the judge who presided at trial, . the sentencing judge shall not pass sentence until he shall have acquainted himself with what transpired at the trial or the facts, . . .”
Although the transcript of the sentencing indicates Judge Swigert had some knowledge of the trial or the facts, how much knowledge Judge Swigert acquired of the trial or the facts before sentencing and its source are difficult to determine. The transcript does reflect that McCoy failed to object or to call the alleged violation of the rule to Judge Swigert’s attention. In addition, the record fails to show that McCoy suffered any prejudice because of Judge Swigert’s alleged violation of the rule. It does show that Judge Swigert could have imposed a fifteen year sentence on McCoy but only imposed a ten year sentence.
Caplinger v. State, 271 So.2d 780 (Fla. 3d DCA 1973), which holds that a sentence is invalid when imposed by a judge who did not preside at the trial and did not familiarize himself with the case before imposing sentence, is distinguishable from this case. The Caplinger case does not indicate whether the defendant’s attorney objected or otherwise brought the violation to the judge’s attention, and it was decided before Williams v. State, 316 So.2d 267 (Fla.1975), in which our Supreme Court stated:
“We hold that the violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant. . . . ”
Because the record reflects that Judge Swigert had some knowledge of the facts before sentencing, because the record fails *251 to show that McCoy’s attorney objected or called the alleged violation of the rule to Judge Swigert’s attention and because McCoy has failed to demonstrate any prejudice or harm, we must affirm.
We have considered the other arguments made by McCoy and find them to be without merit.
For future guidance of trial judges, we suggest that they comply with Rule 3.700(c) and affirmatively state in the record that they have complied and what they did to comply.
The judgment and sentence are affirmed.
BOYER, C. J., and McCORD, J., concur.