STARNES, HUGH E., Associate Judge.
Defendant appeals a denial of his motion to suppress video tape evidence based upon the lack of evidence of consent of the parties to the communication being recorded. No evidence of consent was offered by the State at the suppression hearing. We affirm on this point because even if consent were required (the-state alleged it did not apply because one of the parties was a police officer), there was testimony at trial that consent of one of the parties was obtained.
We must vacate the sentence, however, and remand for resentencing because the sentencing judge did not sit at the trial and indicated the sentence was based entirely upon the recommendation of the trial judge. Where the sentencing judge was not the trial judge Florida Rule of Criminal Procedure 3.700(c) requires that the sentencing judge must not pass sentence until he has acquainted himself with what transpired at the trial.
The sentence is vacated and the case remanded for a new sentencing hearing. If the sentencing judge is not the trial judge he should acquaint himself with what occurred at trial before passing sentence.
HOBSON, Acting C. J., and OTT, J., concur.