611 So.2d 16 (1992)
James SPENCER, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 92-707.
District Court of Appeal of Florida, Third District.
December 22, 1992.
*17 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Richard L. Polin, Asst. Atty. Gen., and Teresa D. Sands, Certified Legal Intern, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
COPE, Judge.
James Spencer, Jr., appeals his sentences for attempted first degree murder, robbery with a firearm, and burglary of an occupied conveyance with a dangerous weapon.
First, although not raised by the parties, the forty-year sentence for attempted first degree murder exceeds the thirty-year legal maximum for a first degree felony. See §§ 775.082(3)(b), 777.04(4)(a), 782.04(1), Fla. Stat. (1989); Spencer v. State, 588 So.2d 71 (Fla. 3d DCA 1991). Defendant must be resentenced on that count within the legal maximum.
Second, the sentencing which occurred below was a resentencing before a successor judge. Defendant had appealed the sentence imposed by the judge who tried the case. This court reversed the sentence because of a scoring error. Spencer v. State, 588 So.2d at 72. Upon correction of the error, defendant was placed in a lower guidelines range.
After remand the case was assigned to a successor judge because the judge who tried the case was no longer sitting. At sentencing the successor judge examined the arrest form. The successor judge noted that the predecessor judge "heard this rather complex long case and sentenced a man to 40 years, right? ... All right, this Court will impose the same sentence that Judge Davis did."
It has been held that resentencing is required where "the sentencing judge did not sit at the trial and indicated that the sentence was based entirely upon the recommendation of the trial judge." Moore v. State, 378 So.2d 792, 793 (Fla. 2d DCA 1979).
Florida Rule of Criminal Procedure 3.700(c) provides, in part:
In those cases where it is necessary that sentence be pronounced by a judge other than the judge who presided at trial, or accepted the plea, the sentencing judge shall not pass sentence until he shall have acquainted himself with what transpired at the trial... .
Under the Rule and the decisional law, the sentence must reflect the independent decision of the successor judge. See id.; Moore v. State, 378 So.2d at 793; Caplinger v. State, 271 So.2d 780, 781 (Fla. 3d DCA 1973).
Under Caplinger, the successor judge may receive a proffer or statement of proceedings covering so much of the trial proceedings as the parties contend will be relevant for the trial court to make the sentencing decision,[1] provided that the court also reviews the presentence investigation report[2] and so much of the file as may be pertinent. 271 So.2d at 781; Castor v. State, 351 So.2d 375, 376 (Fla. 1st DCA 1977), aff'd, 365 So.2d 701 (Fla. 1978).
Because the matters considered by the trial court fell short of that required by the rule and because there was a timely objection, defendant must be resentenced. We have carefully considered the State's contention that any error was harmless, but are unable to so find on this record. After conducting a new sentencing hearing in accordance with Rule 3.700(c), the court may impose such sentence as it deems appropriate.
We therefore reverse the sentencing orders as to counts I, II, and III and remand for resentencing.
NOTES
[1] Although another alternative is to review the trial transcript, that is not the exclusive means for the successor judge to become acquainted with what transpired at trial.
[2] The predecessor judge had ordered a presentence investigation.