707 So.2d 1175 (1998)
K.A.C., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-206.
District Court of Appeal of Florida, Third District.
March 18, 1998.
Rehearing Denied April 29, 1998.
*1176 Bennett H. Brummer, Public Defender, and Julie M. Levitt, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before COPE, LEVY and SHEVIN, JJ.
PER CURIAM.
K.A.C. appeals an adjudication of delinquency finding him guilty of resisting an officer without violence. Despite the state's confession of error, we affirm.
The state filed a petition for delinquency against K.A.C. stemming from the following incident: Two police officers observed K.A.C., a fifteen-year-old, walking away from school while all of the other children were walking toward it. Since K.A.C. appeared to be of school age, the officers believed that K.A.C. might be truant.[1] They stopped K.A.C. but in response to their questions about his identity and the school he attended, K.A.C. cursed the officers and refused to provide any information.
The officers took K.A.C. into custody and brought him to the nearby junior high school, but he was not enrolled there. The officers then took him to the police station where it took two or three hours to learn from the school board where K.A.C. was enrolled. It took two hours before K.A.C. gave the officers a telephone number for his mother at workand then it was a telephone number at a job where the mother was no longer employed. K.A.C. was charged with disorderly conduct (count 1) and resisting an officer without violence (count 2). The court acquitted K.A.C. on count 1 and found him guilty on count 2.
Section 39.421(1)(b), Florida Statutes (1995), authorizes a law enforcement officer to take a child into custody "when the officer has reasonable grounds to believe that the child is absent from school without authorization, for the purpose of delivering the child without unreasonable delay to the school system." Anyone who resists, obstructs, or opposes an officer in the lawful execution of a legal duty, without offering or doing violence to the officer's person is guilty of a first degree misdemeanor. § 843.02, Fla. Stat. (1995).
In this case, K.A.C. resisted the officers who were engaged in investigating an unauthorized absence from school. The officers had a well-founded suspicion that K.A.C., a school-age child, was truant when they observed him walking away from the *1177 school while all of the other children were walking toward school. They were certainly authorized to conduct an investigatory stop to ascertain the facts. See C.G. v. State, 689 So.2d 1246, 1247 (Fla. 4th DCA 1997).
K.A.C. was being investigated because of the possibility that he was truant, in which case the officers had a legal duty to transport him to school; K.A.C. was under a legal obligation to answer the officers' questions. Since K.A.C. refused to provide information to the officers in response to their questions, the trial court properly found that K.A.C. committed the offense of resisting an officer without violence.
We reject the State's confession of error, relying on L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995), and Livingston v. State, 610 So.2d 696 (Fla. 3d DCA 1992). Those cases are not controlling here.
In count 1, K.A.C. was charged with disorderly conduct on the basis of his loud profanity directed toward the police. The L.A.T. decision holds, on First Amendment grounds, that loud profanity does not constitute the offense of disorderly conduct. See 650 So.2d at 215-19. The trial court properly acquitted K.A.C. of the disorderly conduct charge on the authority of L.A.T. However, L.A.T. has no bearing on count 2, the resisting an officer without violence charge.
Although the State reasons that Livingston is controlling here, it is not. The State clearly argued below that count 1 (disorderly conduct) was directed at what K.A.C. did say: loud profanity directed at the police. Count 2 (resisting an officer) was based on what K.A.C. did not say: he refused to identify himself and reveal where he went to school. As to count 2, the fact that K.A.C. cursed at the officers is irrelevant. The gist of K.A.C.'s offense was that he refused to respond to questions that the officers had a right to ask. The present case therefore bears no resemblance to Livingston.
In Livingston, the court reversed a conviction for resisting arrest without violence where "the underlying arrest for disorderly conduct was illegally based solely upon the defendant's use of uncivil language which was protected by the first amendment." Id. at 697 (emphasis added). In Livingston, both the disorderly conduct charge and the charge of resisting an officer were based on the same First-Amendment-protected conduct: loud profanity. In the case before us, the two charges are based on different conduct: count 1 (disorderly conduct) involves protected speech; count 2 does not. Livingston does not apply here.
The trial court ruled entirely in accordance with the law by acquitting K.A.C. of disorderly conduct but convicting on the charge of resisting an officer. The State's argument in the trial court was correct and should not have been abandoned in this court. We therefore affirm the adjudication of delinquency.
Affirmed.
NOTES
[1] K.A.C. had moved to the area just a few days before the incident. He had tried to enroll in Norland Senior High School that morning but was refused enrollment because he didn't have the appropriate medical records. K.A.C.'s mother had then dropped him off on the street where the officers approached him so he could walk home.