KLEIN, J.
Rule 3.700(c)(1) requires that, when a sentence is being imposed by a judge other than the judge who presided at trial, the sentencing judge must become “acquainted with what transpired at the trial.”
In the present case appellant had to be resentenced following an appeal, but the original sentencing judge was no longer on the circuit court bench. At the resentenc-ing hearing, appellant’s counsel pointed out that it was incumbent on the court to comply with the rule, but the court refused to do so because it was obvious that the prior judge had intended to impose the most stringent sentence possible. Observing that the prior judge “was in a far better position to determine what an appropriate sentence should be,” the court declined to familiarize itself with the case and imposed the maximum sentence which could be imposed consistent with the Florida Supreme Court decision in appellant’s case, Salters v. State, 758 So.2d 667 (Fla.2000).
Because appellant’s resentencing did not comply with the rule, or cases construing the rule, Moore v. State, 378 So.2d 792 (Fla. 2d DCA 1980); Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992), we reverse for resentencing.
POLEN, C.J. and SHAHOOD, J., concur.