820 So.2d 1057 (2002)
Ronald WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4420.
District Court of Appeal of Florida, Fourth District.
July 10, 2002.
Rehearing Denied July 31, 2002.
*1058 Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his sentence of thirty years as a habitual felony offender. He raises four issues, only one of which warrants a reversal. For the reasons set forth below, the sentence is reversed and the case remanded for resentencing.
The sentence appealed resulted from a resentencing hearing upon remand from this court. A successor judge conducted the hearing. That judge took judicial notice of the prior trial judge's order, which included complete findings as to the defendant's prior convictions, but no information concerning the facts of the case, and only made reference to the presentence investigation report. The state also offered proof that the defendant had not received clemency for any prior offense.
The defendant objected to the successor judge's reliance on the trial judge's order without having reviewed the trial transcript. In response, the trial court stated:
THE COURT: No, sir; I have not reviewed the transcripts. It is obvious, from a review of the Court file, that it was Judge Dimitrouleas' intention to impose the highest form of enhancement, that being as a violent career criminal. And Judge Dimitrouleas was the presiding Judge at the trial. He was able to observe the witnesses as they testified. And he certainly was in a better position to determine what an appropriate sentence should be in this court.
It is apparent as to what Judge Dimitrouleas' intention was in finding the defendant to be a violent career criminal. And I might add that Judge Dimitrouleas also found that the defendant qualified as a habitual felony offender. And that finding is contained in the order of July 11, 1997. Judge Dimitrouleas sentenced Mr. Watson as a violent career criminal, 35 years in prison with a mandatory minimum term of 30 years in prison. That statute, that underlying statute having been found unconstitutional, it would be this Court's intention to go to the next most harsh sentence available to this Court, which would be habitual felony offender and a straight 30 years in prison with no minimum mandatory.
The defendant then filed a motion to correct sentencing error, and argued the illegality of the sentence based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the judge's error in refusing to review the trial transcript prior to the sentencing. The trial court ultimately denied the motion.
Rule 3.700(c), Florida Rules of Criminal Procedure, requires a successor *1059 judge to become "acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense." Case law interpreting this rule provides guidance on how this can be accomplished. "[T]he successor judge may receive a proffer or statement of proceedings covering so much of the trial proceedings as the parties contend will be relevant for the trial court to make the sentencing decision, provided that the court also reviews the presentence investigation report and so much of the file as may be pertinent." Spencer v. State, 611 So.2d 16, 17 (Fla. 3d DCA 1992). It is also clear that a review of the trial transcript satisfies the rule, but is not necessitated by it. Id.
It is not sufficient, however, to merely rely upon an order of the trial judge that does not contain the information necessary to acquaint the successor judge with the what transpired at trial, or the facts, including any plea discussions. Rich v. State, 814 So.2d 1207 (Fla. 4th DCA 2002). We cannot discern precisely what the successor judge reviewed in this case. If, in fact, he did review the file, including the presentence investigation report, then this must be clearly stated for the record. If he did not, then more than mere reliance on a prior order must be done to comply with the rule.
The case is reversed and remanded. We affirm on all other issues raised. Upon remand, the trial court may either clarify the information relied upon in re-sentencing the defendant or undertake that which is necessary to comply with the rule.
SHAHOOD, and HAZOURI, JJ., concur.