FARMER, C.J.
This is the third appearance in this court involving sentencing. After a previous re *978 versal of the sentence by the supreme court in Salters v. State, 758 So.2d 667, 671 (Fla.2000), the case fell in front of a successor judge for de novo sentencing. The successor judge refused to read the record to familiarize himself with the case before deciding on the sentence, however, and imposed the maximum sentence allowable as a violent career criminal. On review we reversed the newly imposed sentence. Salters v. State, 802 So.2d 501 (Fla. 4th DCA 2001). Upon remand the case was returned to the same successor judge. Defendant moved to disqualify the judge. His motion stated under oath that he feared he would not receive an impartial sentence proceeding de novo because the judge had made clear earlier in the case that he intended to sentence defendant to the maximum sentence irrespective of the facts of the case. The judge denied the motion to disqualify and again imposed the maximum sentence as a career criminal.
The motion was legally sufficient and demonstrated an objectively reasonable fear of the lack of impartiality. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990) (holding that motion is legally sufficient if it alleges facts that would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial); Zuchel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002) (motions to disqualify are reviewed under a de novo standard as to whether the motion is legally sufficient as a matter of law); State v. Shaw, 643 So.2d 1163 (Fla. 4th DCA 1994) (fears of a party seeking disqualification of a judge must be objectively reasonable).
REVERSED.
KLEIN and SHAHOOD, JJ., concur.