CORTIÑAS, Judge.
The defendant, Franklin W. Bain, appeals from a final judgment revoking his probation and sentencing him to 11.36 years in prison, the maximum sentence under the guidelines.
In 1998, the defendant pled guilty to child abuse and admitted to a violation of probation in another case in exchange for probation. In 1999, the defendant was convicted of a new crime on two counts of aggravated assault with a firearm, and this court affirmed those convictions. See Bain v. State, 30 Fla. L. Weekly D604, — So.2d -, 2005 WL 475416 (Fla. 3d DCA Mar.2, 2005).
Following the defendant’s conviction on the aggravated assault, the trial court conducted a violation of probation hearing together with the sentencing hearing in the aggravated assault case. The trial court found the defendant in violation of probation and imposed a sentence of 13.9 years, which was twenty-five percent (25%) above the recommended sentence and represented the maximum sentence within the guideline range. This sentence was to run concurrently with the fifteen-year sentence imposed for the underlying assault offenses.
The defendant filed a motion to correct his sentence pending appeal based on a scoring error in calculating the defendant’s guideline sentence. A successor judge resolved the scoring error, and, after learning that the predecessor judge imposed the maximum sentence, sentenced the defendant to 11.36 years in prison under the recalculated scoresheet. The new sentence was a twenty-five percent (25%) increase from the recommended sentence, and also represented the maximum sentence allowed under the applicable guideline range.
The defendant argues and the State concedes that the record does not support a finding that the successor judge’s sentencing decision was based on his independent evaluation of the case. See Fla. R.Crim. P. 3.700(c); Spencer v. State, 611 So.2d 16 (Fla. 3d DCA 1992); Watson v. State, 820 So.2d 1057 (Fla. 4th DCA 2002). Based on the State’s confession of error and our independent review of the record, we remand the case for a new sentencing hearing to provide the judge with an opportunity to clarify the record and make the requisite findings.
The dissent incorrectly characterizes our task as “wheel-spinning” because it presumes that the “trial judge would simply confirm on the record that the sentencing decision was his own.” While that may be the case, we do not take so lightly a confession of error by the State. This is not a case where the State has confessed error based on a misunderstanding of the proper legal standard. See KAC. v. State, 707 So.2d 1175 (Fla. 3d DCA 1998). Instead, the State has confessed error after a thorough review of the record and has conceded that the case should be remanded to *601 allow the trial judge to clarify precisely what he reviewed before imposing sentence. The dissent would disregard the State’s confession of error simply because the trial judge stated that he “reviewed everything that was provided to me by both sides.” Respectfully, this is insufficient for appellate review as we must be able to “discern precisely what the successor judge reviewed in this case.” Watson v. State, 820 So.2d at 1058. Because we cannot do this, the State’s confession of error was proper and we remand for a new sentencing hearing.
We affirm on all other issues raised in this appeal. Affirmed in part, reversed in part, and remanded.